**UNITED STATES of America,
Plaintiff,**

v.

**Audie Denver WHEELER, Defendant.**

**No. CR. 00–50032–01.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 12, 2001.

Mark C. Jones, Asst. U.S. Atty., Flint, MI, for Plaintiff.

David S. Steingold, Detroit, MI, for Defendant.

### *ORDER*

GADOLA, District Judge.

On August 15, 2001, this Court ordered Attorney Tracie D. Palmer (P53555) to show cause in writing by August 24, 2001 why she should not be sanctioned for assisting in the preparation of a bogus affidavit in support of Defendant's motion for a new trial. *See United States v. Wheeler*, 154 F.Supp.2d 1075 (E.D.Mich. 2001). On August 24, 2001, Attorney Palmer filed her Answer to the Order to Show Cause, and on August 29, 2001, the Government filed its Response to her Answer. For reasons set forth below, this Court imposes sanctions on Attorney Palmer.

### Factual and Procedural Background

On or about May 25, 2001, Attorney Palmer notarized the affidavit of Krystal Butterfield in the "State of Michigan," "County of Wayne" as follows: "On this 25th day of May, 2001, before me personally appeared Krystal Butterfield to me known to be the person(s) described herein, and who executed the foregoing instrument, and she acknowledged that she voluntarily executed the same." *See United States v. Wheeler*, 154 F.Supp.2d 1075, 1077 (E.D.Mich. 2001). The affidavit contained serious allegations of juror misconduct and was offered in support of a motion for a new trial that subsequently was withdrawn.

At a hearing before this Court on July 12, 2001, Attorney David S. Steingold stated that Attorney Palmer is his associate, that Butterfield signed the affidavit around 6:00 p.m. on May 25, 2001 in the federal courthouse in Flint, Michigan without appearing before a notary, and that Attorney Palmer "notarized" the document at some later time in Detroit, Michigan without Butterfield ever appearing before her. *See* 154 F.Supp.2d at 1077. Butterfield confirmed that she never appeared before Attorney Palmer or any other notary. *See id.*

In response to this Court's August 15, 2001 Order to Show Cause, Attorney Palmer admitted that the above facts were true and that she reluctantly had notarized the document at Attorney Steingold's direction. Furthermore, she stated that she was unaware that Attorney Steingold had added information to the first unsigned page of the "affidavit" of which Butterfield had no knowledge.

## Discussion

 It is well settled that courts have inherent authority to impose sanctions on an attorney for reckless or bad faith conduct during the course of litigation. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766–67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *United States v. Wallace,* 964 F.2d 1214, 1217–18 (D.C.Cir. 1992). "Recklessness is defined as more than mere negligence but less than intent." *In re Champion Enterprises, Inc. ., Securities Litigation,* 144 F.Supp.2d 848, 858 (E.D.Mich.2001) (citing *Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017, 1024 n. 36 (6th Cir.1979)); *see* Black's Law Dictionary (7th ed.1999) (defining "recklessness" as involving "a greater degree of fault than negligence but a lesser degree of fault than intentional wrongdoing"); *see also Smith v. Wade,* 461 U.S. 30, 45, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (describing recklessness as short of actual malicious intent). The Sixth Circuit has defined "recklessness" as "highly unreasonable conduct which is an extreme departure from the standards of ordinary care." *Ohio Drill & Tool Co. v. Johnson,* 625 F.2d 738, 741 (6th Cir.1980); *see* Black's Law Dictionary (7th ed.1999) (defining "recklessness" as "[c]onduct whereby the actor does not desire harmful consequence but nonetheless foresees the possibility and consciously takes the risk").

 This Court finds that Attorney Palmer's behavior rises to the level of recklessness. At the very least, Attorney Palmer was negligent; she breached the duties she owes this Court, the Government, and the State of Michigan. While her conduct may not have been with malicious intent, this Court finds that it also was more than merely negligent. Every part of Attorney Palmer's representation as to the manner in which the "affidavit" was signed was false and known to be false at the time she "notarized" it: Butterfield did not appear before Attorney Palmer personally, Butterfield did not execute the "affidavit" before Attorney Palmer, and Butterfield did not acknowledge to Attorney Palmer that she voluntarily executed the "affidavit." In short, Attorney Palmer participated in arranging a false notarization of a bogus affidavit containing very serious allegations. Such conduct was highly unreasonable and an extreme departure from the standards of behavior expected of attorneys who practice before the federal courts.

Therefore, the Court concludes that Attorney Palmer should be sanctioned, accordingly, as follows. First, she is required personally to pay $500 to the Court as a sanction for reckless conduct. Second, she is required to file a certification with this Court that she has submitted a copy of this Order to (1) Chief Judge Lawrence P. Zatkoff of the United States District Court for the Eastern District of Michigan, (2) the Attorney Grievance Commission of the State of Michigan, and (3) Elena Beasley, Manager of the Office of the Great Seal of the State of Michigan.

## Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that, within 30 days of the entry of this Order, Attorney Tracie D. Palmer must submit to the Clerk of the Court a certified check or money order made payable to the "Clerk of the Court" in the amount of $500.00 as a sanction for reckless conduct.

**IT IS FURTHER ORDERED** that, within 30 days of the entry of this Order, Attorney Palmer must file a certification with this Court that she has mailed a copy of this Order to (1) Chief Judge Lawrence P. Zatkoff of the United States District Court for the Eastern District of Michi-

gan, (2) the Attorney Grievance Commission located at 243 W. Congress, Suite 256, Marquette Building, Detroit, Michigan 48226, and (3) Elena Beasley, Manager of the Office of the Great Seal, 717 West Allegan, Lansing, Michigan 48918.

SO ORDERED.